UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINA BARBARA, Individually and on Behalf of All Others Similarly Situated, | 24 Civ. 3775 |
| Plaintiff(s) | **COMPLAINT** |
| - against - | |
| | **JURY DEMAND** |
| IVYREHAB PEAK PERFORMANCE, LLC | |
| Defendant. | |

Plaintiff, GINA BARBARA, by and through her counsel, James E. Bahamonde, Esq. from the Law Offices of James E. Bahamonde, PC, hereby files this Complaint and respectfully alleges against Defendant:

## NATURE OF THE CASE

1. In violation of well-settled, 33-year-old law, Defendant has chosen to follow a policy to exclude Plaintiff and all other disabled persons, who require the use of wheelchairs and scooters, from having access to, and use of, their place of public accommodation.

2. Defendant has established a policy and practice to exclude all mobility-impaired persons who need assistance transferring out of their wheelchair or scooter from receiving physical therapy at their office.

3. Plaintiff files this action on behalf of herself and for all others similarly situated, complaining of Defendant's violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 (hereinafter "ADA"), the Rehabilitation Act of 1973 ("Rehabilitation Act"), Affordable Care Act, New York State Human Rights Law § 296, New York State Civil Rights

1

Law, and Nassau County Administrative Code § 21-9.8 *et seq*.

4.	Plaintiff seeks damages, declaratory and injunctive relief, as well as fees and costs against the Defendant.

## VENUE AND JURISDICTION

5.	The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the Americans with Disabilities Act, the Rehabilitation Act, and Affordable Care Act.

6.	The Court has supplemental jurisdiction over Plaintiff's allegations arising from Defendant's state and local law violations pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to the federal-law claims.

7.	Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district

## PARTIES

8.	That at all times hereinafter mentioned, Plaintiff is now, and at all relevant times mentioned in this complaint, a resident of Wantagh, New York.

9.	Defendant **Ivyrehab Peak Performance, LLC** is a New York foreign limited liability company authorized by the Secretary of the State of New York to do business in New York State with its principal County of business designated as Nassau County.

10.	Defendant owns and operates physical therapy office, which is a place of public accommodation.

11.	Defendant's physical therapy office is located at 1169 Wantagh Ave, Wantagh, NY

11793.

## CLASS ACTION

12. Plaintiff brings this suit for declaratory and injunctive relief and, pursuant to F.R.C.P. 23, as a class action for all those similarly situated who, as persons who are disabled, and who use or desire to use the services and accommodations offered to the public by Defendant, are protected by, and are beneficiaries of federal, state and local laws.

13. Plaintiff, complaining for herself and all other residents in the State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

14. The 2020 United States Census indicates that more than 61 million persons in the United States have a disability.

15. The ADA, the Rehabilitation Act, New York State Human Rights Laws, and Nassau County Administrative Code recognize individuals with disabilities as a protected class.

16. It is unlawful for a private entity which owns, leases to or operates a place of public accommodation to discriminate against an individual with a disability.

17. The ADA, the Rehabilitation Act, Affordable Care Act, and New York State Human Rights Law requires a public accommodation to be readily accessible to, and usable by, a disabled individual.

18. The Rehabilitation Act requires health care providers that receive financial assistance, directly or indirectly, from any Federal department or agency, to provide persons with a disability with equal opportunity to receive services from that health care provider.

19. The ADA requires a place of public accommodation to make reasonable modifications to their policies, practices, and procedures to afford access to persons with disabilities that is equal to the access afforded to individuals without disabilities.

20. A healthcare provider is required to provide medical services in an accessible manner. Accordingly, a healthcare provider must have accessible exam rooms, examination tables, and medical equipment.

21. A healthcare provider cannot deny a person with a disability the enjoyment of any right, privilege, advantage or opportunity enjoyed by persons without a disability in receiving an aid, benefit, or service.

22. Under the ADA, the Rehabilitation Act, New York State Human Rights Laws, and Nassau County Administrative Code, it is prohibited for health care providers to refuse treatment or services to individuals who rely on wheelchairs or scooters, solely on the grounds that the provider refuses to assist in transferring a disabled patient onto a treatment table or mat.

23. A healthcare provider also cannot tell a patient who has a disability to bring along someone who can help transfer the patient.

4

24. A healthcare provider must provide reasonable assistance to enable a disabled patient to receive medical care. This assistance may include helping the patient to dress or undress, transfer on and off an examination or treatment table, or other equipment, as well as assistance with lying back and positioning on the table or other equipment. In some instances, some disabled individuals may need assistance from the healthcare provider with maintaining balance and positioning. The healthcare provider should ask the patient if he or she needs any assistance and, if so, what is the best way to help.

25. A healthcare provider cannot refuse to treat a patient who has a disability just because they may take more time to treat than others.

26. A healthcare provider is required by law to provide training to its staff on how to properly interact with a disabled person.

27. Discriminatory intent is not required to establish liability under the ADA, Affordable Care Act, and Nassau County Administrative Code.

**FACTUAL BACKGROUND**

28. Ms. Barbara has a neurological disability and cannot walk independently. Therefore, she relies upon a wheelchair for ambulation.

29. As result of Ms. Barbara's disability-related limitations, she cannot independently transfer onto an examination or treatment table and requires assistance with doing so.

30. Defendant **Ivyrehab Peak Performance, LLC** leases the commercial property which houses the public accommodation named Ivyrehab Peak Performance located at 1169 Wantagh Ave, Wantagh, NY 11793 (hereinafter "public accommodation").

31. In or around May 2023, Plaintiff contacted Defendant by telephone to make an appointment for a physical therapy session. At the time she made the appointment, Ms. Barbara informed Defendant's staff that she uses a wheelchair and needs assistance with transferring to an examination or treatment table. In response, Defendant's staff informed Ms. Barbara that Defendant "does not have the ability to transfer" her from her wheelchair. Further, Defendant's contented it cannot assist in transferring because it is a "high-volume" clinic with a small space.

32. Defendant also admitted not having a patient lift equipment or even an adjustable height examination or treatment table.

33. Defendant's staff had the authority to decide whether the appointment was going to be scheduled.

34. Defendant knew or should have known of their obligation as a healthcare provider under the ADA, Rehabilitation Act, Affordable Care Act, and their equivalent State and local laws, to develop policies to promote compliance with the statutes and to provide reasonable accommodations and modifications, such as the ability to assist disabled patients with lifts and transfers.

35. Defendant's staff knew or should have known that their actions and inactions created an unreasonable risk of causing Ms. Barbara greater levels of fear, anxiety, humiliation, and emotional distress than a person without a mobility disability.

36. Defendant's staff knew or should have known that their actions and inactions created an unreasonable risk of not providing Ms. Barbara with the opportunity to receive treatment and services that are normally afforded to persons without a disability.

6

37. On the basis of disability, Defendant intentionally discriminated against Ms. Barbara.

38. Defendant acted with deliberate indifference to Ms. Barbara's federally protected rights.

39. Defendant's wrongful and intentional discrimination against Ms. Barbara on the basis of disability is reflected by Defendant's failure to train employees and promulgate policies of nondiscrimination against disabled persons who use wheelchairs and need assistance with transfers.

40. Defendant's refusal to assist Ms. Barbara with transferring from her wheelchair to an examination or treatment table had the same effect as if Defendant explicitly denied her service solely on the basis of her disability.

41. Ms. Barbara is entitled to the same and equal access to services offered by Defendant as that enjoyed by nondisabled persons.

42. Features of Defendant's public accommodation inaccessible to Plaintiff, and others similarly situated, are including but not limited to:

    a. The treatment table is at an inaccessible height;

    b. There is insufficient clear floor space adjacent to the treatment table allowing her to maneuver her wheelchair;

    c. Upon information and belief, the public-use bathrooms are inaccessible.

43. Plaintiff resides less than 1.9 miles from Defendant's public accommodation and frequently visits the area where Defendant's public accommodation is located.

44. The removal of existing architectural barriers is readily achievable.

45. Defendant has failed to properly train its employees related to the interaction with and

treatment of disabled persons.

46. To date, Defendant has failed to remove any of the aforementioned architectural barriers.

47. Plaintiff is prohibited from receiving services from Defendant's public accommodation because of its refusal to make a reasonable modification.

48. Plaintiff has the intention to receive physical therapy from Defendant's public accommodation once it becomes readily accessible to and usable to her.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

49. Plaintiff is an individual with a disability as that term is defined by the ADA.

50. Defendant's public accommodation 1169 Wantagh Ave, Wantagh, NY 11793, is a public accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12181; 28 C.F.R. § 36.104, New York State Human Rights Law § 292(9).

51. Defendant **IVYREHAB PEAK PERFORMANCE, LLC** owns a place that houses a public accommodation named 1169 Wantagh Ave, Wantagh, NY 11793.

52. Defendant owns and leases a public accommodation named 1169 Wantagh Ave, Wantagh, NY 11793.

53. Since 1992, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

54. Since March 15, 2012, Defendant's public accommodation has undergone alterations to the areas which affects or could affect access to or usability of its place of public accommodation.

55. The primary function of Defendants public accommodation is providing physical therapy

8

treatment.

56. The constructed and altered areas contain a primary function of Defendant's public accommodation.

57. Defendants failed to make alterations to their public accommodation pursuant to the 1991 Standard and 2010 Standard.

58. Defendant failed to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities in violation of 42 U.S. Code § 12183(a)(2).

59. It is not impossible for Defendant to remove the architectural barriers which exist at its public accommodation.

60. Defendant's public accommodation is not fully accessible to, or readily useable by individuals with mobility disabilities who use wheelchairs.

61. Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

62. Defendant has subjected Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendant in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

63. Defendant has afforded Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

64. Defendant has provided Plaintiff, and all others similarly situated, on the basis of disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

65. Defendant has not afforded Plaintiff, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

66. Defendant has denied Plaintiff, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

67. Defendant has imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiff, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

68. Defendant has failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff in violation of 42 U.S. Code §

12182(b)(2)(A)(ii).

69. Defendant has failed to remove all architectural barriers that are structural in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

70. Defendant should have achieved accessibility by January 26, 1992.

71. The barriers to access Defendant's public accommodation continue to exist.

72. Reasonable modification exist which do not impose an undue hardship on the operation of the Defendant's program or activity.

73. Reasonable modification could be made which do not fundamentally alter the nature of the Defendant's program or activity.

74. The removal of existing architectural barriers is readily achievable.

## SECOND CAUSE OF ACTION
**(Violations of the Rehabilitation Act)**

75. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

76. Plaintiff is a qualified individual with a disability as that term is defined by the Rehabilitation Act.

77. Defendant receives federal financial assistance such as Medicare reimbursements

78. Defendant receives federal financial assistance such as Medicaid reimbursements.

79. The staff person who interacted with Ms. Barbara that they cannot transfer her

80. Defendant employees 15 or more persons.

81. Defendant is a recipient of federal financial assistance as that term is defined by the Rehabilitation Act.

11

82. Upon information and belief, Defendant has failed to perform a self-evaluation of its current policies and practices and the effects thereof to determine whether it does or does not meet the requirements of the Rehabilitation.

83. On the basis of disability, Defendant denied Plaintiff the opportunity to participate in or benefit from the aid, benefit, or service.

84. On the basis of disability, Defendant did not afford Plaintiff an opportunity to participate in or benefit from, or service that is equal to that afforded others.

85. On the basis of disability, Defendant denied plaintiff with the aid, benefit, or service that is as effective as that provided to others.

86. Defendant provided different or separate aid, benefit, or service to plaintiff, and all others similarly situated.

87. Defendant utilized a criteria or method of administration that has the effect of excluding plaintiff and all others similarly situated, on the basis of disability, from denying them the benefit of, or otherwise subjecting them to discrimination.

88. Defendant has failed to operate its program or activity that is accessible to Plaintiff, and all others similarly situated, in compliance with the Rehabilitation Act.

89. On the basis of disability, Defendant failed to provide meaningful access to its benefits, programs, or services.

90. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the Rehabilitation Act, Plaintiff has suffered damages for loss of an opportunity.

## THIRD CAUSE OF ACTION
### (Violation of the Affordable Care Act)
(Injunctive Relief and Damages)

91. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

92. Plaintiff is a qualified individual with a disability as that term is defined by the Affordable Care Act.

93. Defendant is a recipient of federal financial assistance as that term is defined by the Affordable Care Act.

94. During all relevant times, Defendant is principally engaged in the business of providing health care.

95. Under Section 1557 of the Patient Protection and Affordable Care Act, "an individual shall not, on the ground prohibited under . . . section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any health program or activity, any part of which is receiving Federal financial assistance." 42 U.S.C. § 18116.

96. Defendant has discriminated against Plaintiff, and all others similarly situated, on the basis of disability, in violation of 42 USC 18116(a).

97. Defendant has discriminated against Plaintiff, and all others similarly situated, for failing to make reasonable modifications to its policies, practices, or procedures in violation of the Affordable Care Act and its implementing regulations.

98. Reasonable modifications to Defendant's policies, practices, or procedures are

13

necessary to avoid discrimination on the basis of disability in violation of the Affordable Care Act.

99. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the Affordable Care Act, Plaintiff has suffered damages for a lost opportunity.

## FOURTH CAUSE OF ACTION
**(Violations of New York State Human Rights Law)**
(Injunctive Relief and Damages)

100. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

101. Plaintiff is an individual with a disability as that term is defined by New York State Human Rights Law.

102. Defendant Ivyrehab Peak Performance, LLC owns, operates, or leases a public accommodation within the meaning of New York State Human Rights Law § 292(9).

103. Defendant has not provided Plaintiff and others similarly situated with evenhanded treatment in violation of New York State Human Rights Law § 296.

104. Defendant's direct or indirect unevenhanded treatment of Plaintiff and others similarly situated is demonstrated when he was segregated from all other customers.

105. Defendant has, because of Plaintiff's disability, directly or indirectly, refused, withheld from or denied Plaintiff any of the accommodations, advantages, facilities or privileges of their public accommodation.

106. Defendant has demonstrated that the patronage or custom thereat of Plaintiff and others similarly situated, is unwelcome, objectionable or not acceptable, desired or solicited.

107. Defendant and its staff discriminated against Plaintiff in violation of New York State Human Rights Law § 296.

108. Defendant discriminated against Plaintiff by creating, fostering, and otherwise failing to prevent or remedy the discrimination against Plaintiff, in violation of New York State Human Rights Law § 296.

109. As a direct and proximate result of the disability discrimination perpetrated by Defendant in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer physical and emotional distress and pain -- including but not limited to great levels of fear, anxiety, indignity, humiliation, loss of self-esteem and self-confidence, migraine headaches and attendant bodily injury, violently ill, vomiting, physical and emotional pain, and otherwise sustained injury.

## FIFTH CAUSE OF ACTION
**(Violation of New York State Civil Rights Law)**
(Statutory Damages)

110. Plaintiff realleges and incorporates by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

111. On the basis of disability, Defendant has violated Plaintiff's civil rights.

112. Consequently, Plaintiff is entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

113. Pursuant to NY Civil Rights law, Defendant is guilty of a class A misdemeanor.

114.   Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

### SIXTH CAUSE OF ACTION
(Violations of Nassau County Administrative Code)
(Statutory Damages)

115.   Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

116.   Plaintiff is an individual with a disability as that term is defined by Nassau County Administrative Code.

117.   Defendant demonstrates that their accommodation, advantages, facilities and privileges shall be refused, withheld from or denied to Plaintiff and all others similarly situated on account of actual or perceived disability.

118.   On the basis of disability, Defendant demonstrates that the patronage of Plaintiff is unwelcome, objectionable, or not acceptable, desired or solicit.

119.   On the basis of disability, Defendant has directly or indirectly, refused, withheld from or denied Plaintiff with similar accommodations, advantages, facilities or privileges as offered to individuals who are not disabled.

### SEVENTH CAUSE OF ACTION
(Declaratory Relief)

120.   Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

121.   Plaintiff is entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiff and other persons similarly situated as to the

16

policies, practices, procedures, facilities, goods and services provided by Defendant.

## INJUNCTIVE RELIEF

122. Plaintiff and others similarly situated will continue to experience unlawful discrimination as a result of Defendant's failure to comply with Title III of the ADA, the Rehabilitation Act, Affordable Care Act, New York State Human Rights Law, New York State Civil Rights Law, and Nassau County Administrative Code, therefore, injunctive relief is necessary to order Defendant to alter and modify their facility, policies, practices, and procedures.

123. Issue a permanent injunction enjoining Defendant from disability discrimination.

124. Issue a permanent injunction ordering Defendant to alter its facility to make such facility readily accessible to and usable by individuals with disabilities.

125. Issue a permanent injunction requiring Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff and other persons similarly situated will not be subject to further unlawful discrimination.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court entered a judgment in her favor containing the following relief:

    A.    Certify this case as a class action;

    B.    Enter declaratory judgment specifying Defendant's conduct as alleged here has violated, and continues to violate, Title III of the ADA, the Rehabilitation Act, Affordable Care Act, New York State Human Rights Law, New York State Civil Rights Law, and Nassau

County Administrative Code, and its implementing regulations and declaring the rights of plaintiff and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services offered by Defendant to the public.

C. Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendant to alter its public accommodation making such public accommodation readily accessible to and usable to individuals with disabilities, 3) adopt a policy and procedure to handle requests for reasonable accommodations; and 4) compelling Defendant to make all necessary modifications to Defendant's policies or practices so that Plaintiff will not be subject to further discrimination in accordance with Title III of the ADA the Rehabilitation Act, Affordable Care Act, New York State Human Rights Law, New York State Civil Rights Law, and Nassau County Administrative Code.

D. Award Plaintiff actual, nominal and a loss of opportunity damages for Defendant's violation of the Rehabilitation Act, Affordable Care Act, New York State Human Rights Law, New York State Civil Rights Law, and Nassau County Administrative Code.

E. Award Plaintiff compensatory damages in the amount of $20,000 for the discrimination perpetrated by Defendant in violation of New York State Human Rights Law.

F. Award Plaintiff the mandatory, minimum statutory damages of $5000 from each Defendant for their violations of Nassau County Administrative Code § 21-9.8.

G. Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendant liable for $500 for *each* violation.

  H. Pursuant to New York State Civil Rights Law § 40-d, find Defendant guilty of a class A misdemeanor for violating New York State Civil Rights Law.

  I. The Court retains jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur.

  J. Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses.

  K. For such other and further relief, at law or in equity, to which the Plaintiff and other persons similarly situated may be justly entitled.

Dated: May 26, 2024

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X  /s/ James E. Bahamonde

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiff(s)
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com